IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATRINA WOLFE,
    Plaintiff,

vs.                                                                              Case No. 09-1003-JTM

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,
    Defendant.

MEMORANDUM AND ORDER

Presently before this court is plaintiff Katrina Wolfe's application for attorney fees under the Equal Access to Justice Act ("EAJA"). (Dkt. No. 23). The Commissioner did not file an objection. The court finds the time spent by Wolfe's attorney is reasonable, the motion is granted, and Wolfe is awarded $4,207.50 in attorneys fees and $350 in costs.

The EAJA provides for award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. *Estate of Smith v. O'Halloran,* 930 F.2d 1496, 1501 (10th Cir.1991). Under the EAJA, a prevailing party includes a plaintiff who secures a sentence for remand reversing the Commissioner's denial of benefits as to "any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).

The Commissioner bears the burden to show that his position was substantially justified. *Gilbert v. Shalala,* 45 F.3d 1391, 1394 (10th Cir.1995). However, the party seeking the fees has the

burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances. *Hensley v. Eckerhart,* 461 U.S. 424, 433-34, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Brooks v. Barnhart,* No. 04-2526-CM, 2006 WL 3027975, *1-2 (D.Kan. Sept. 25, 2006). The objecting party has the burden to challenge the claim for attorney fees with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended. *Bell v. United Princeton Prop., Inc.,* 884 F.2d 713, 715 (3d Cir.1989). Further, the court has a duty to evaluate the reasonableness of every fee request. *Hensley,* 461 U.S. at 433-34.

Section 2412(a)(1) of Title 28 states in part that "a judgment for costs, as enumerated in section 1920 of this title . . . may be awarded to the prevailing party in any civil action by or against the United States . . . ." Under § 1920, taxable costs include fees of the clerk. 28 U.S.C. § 1920(1). *See also McKinney v. Sullivan,* No. 83-1881, 1993 WL 57847 (D.Kan., Feb. 22, 1993); *Day v. Sullivan,* No. 89-2050, 1990 WL 254983 (D.Kan., Dec. 20, 1990).

Wolfe is the prevailing party in this action pursuant to this court's order, which reversed the action of the agency and remanded the case to the Commissioner for further proceedings. (Dkt. No. 21). Wolfe's attorney requested compensation in the amount of $4,207.50, representing 25 hours of attorney time at $168.30 per hour, and the Complaint filing fee of $350 . (Dkt. No. 23 at 2; Dkt. No. 23-2 at 3; Dkt. No. 23-3). The Commissioner did not file an objection.

After careful review of the record in this case, and the fees requested by Wolfe's counsel, this court finds that the request is reasonable and should be granted.

IT IS ACCORDINGLY ORDERED this day of April, 2010, that Wolfe's application for attorney fees under the Equal Access to Justice Act (Dkt. No. 23) is granted and the defendant shall pay an award of attorney fees in the amount of $4,207.50 to Wolfe.

IT IS FURTHER ORDERED this 28th day of April, 2010, that Wolfe is awarded costs of $350.00 to be paid from the Judgment Fund administered by the Treasury Department pursuant to 28 U.S.C. § 2412(c)(1).

s/ J. Thomas Marten<br>J. THOMAS MARTEN, JUDGE